**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
  DISTRICT JUDGE

June 11, 2021

Callagee O'Brien
Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188

Tyler Firkins
Van Siclen Stocks & Firkins
721 45th Street NE
Auburn, WA 98002-1381

**Delivered Via CM/ECF**

    RE:    <u>Marla Mays v. State of Washington, et al.</u> (C21-5289RSL)
             Proposed Stipulated Protective Order

Dear Ms. O'Brien and Mr. Firkins:

On May 18, 2021, the Court received your proposed "Protective Order." Dkt. # 13-1. Although defendants filed the motion for the protective order as a second Friday motion, rather than as an unopposed motion, Dkt. # 13, plaintiff has agreed to the proposed order. Dkts. # 13-1, # 14.

Pursuant to Federal Rule of Civil Procedure 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, oppression, or undue burden or expense. Such protective orders may issue upon a showing of good cause. Additionally, this district has a model stipulated protective order available on the court's website, and Local Civil Rule 26(c)(2) provides that "[p]arties that wish to depart from the model order must provide the court with a redlined version identifying departures from the model." The

parties have failed to submit a redlined version of the proposed protective order.

Moreover, paragraph six of the proposed order provides the following:

> The above-listed records shall be redacted consistent with Wash. Rev. Code 42.56, other applicable statutes, and federal rules 42 U.S.C. § 405(c)(2)(C)(viii)(I), with redactions to include but not be limited to: all social security numbers, driver's license numbers, and financial account information, and information and records covered by attorney-client privilege/work product.

Dkt. # 13-1. The proposed order's reference to the Public Records Act ("PRA"), Ch. 42.56 RCW, as an "applicable statute" for redactions appears unwarranted.[1] Local Civil Rule 5.2(a) generally requires redactions for: dates of birth, names of minor children, social security numbers, taxpayer-identification numbers, financial accounting information, passport numbers, and driver's license numbers. And Federal Rule of Civil Procedure 26 restricts the scope of discovery to "nonprivileged matter[s]" and contains protections related to work product ("documents or things prepared in anticipation of litigation or for trial") such that the specific redactions contemplated by paragraph six of the proposed prospective order would already be covered.

Additionally, given that paragraph five of the protective order describes what will *not* be redacted from the "above-listed confidential materials" found in paragraph four, the parties may have intended paragraph six's reference to the "above-listed records" to invoke the "above-listed confidential materials" from paragraph four. That said, one might instead interpret the "above-listed records" to refer to paragraph five because it is the immediately preceding paragraph.

The proposed order received by the Court will remain lodged in the file, but it will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

*MMT S Lasnik*

Robert S. Lasnik
United States District Judge

---

[1] The proposed order also cites the PRA in paragraph 5(C). Dkt. # 13-1 at 4. It is unclear why the parties are invoking the PRA.